UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AIR TRANSPORT LOCAL 504, TRANSPORT
WORKERS UNION OF AMERICA, AFL-CIO,

**MEMORANDUM & ORDER**

                            Plaintiff,

-against-

12-CV-4954 (SLT)(CLP)

MERIDIAN MANAGEMENT CORPORATION,

                            Defendant.
------------------------------------------------------------------x

**TOWNES, United States District Judge:**

        Air Transport Local 504, Transport Workers Union of America, AFL-CIO ("Local 504") commenced this action against Meridian Management Corporation ("Meridian") seeking to confirm a grievance board decision and alleging violations of the parties' collective bargaining agreement ("CBA"). Local 504 has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Meridian has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and to compel arbitration. For the reasons set forth below, Local 504's motion is denied and Meridian's motion is granted in part and denied in part.

**I.    BACKGROUND**

        The material facts of this case are not in dispute. Local 504 is a labor organization that represents Meridian employees throughout John F. Kennedy International Airport in Queens, New York. (Joint Local Civil Rule 56.1 Stmt. ("56.1 Stmt.") ¶ 1). Meridian is a corporation headquartered in Florida and is an employer within the meaning of the Labor Management Relations Act of 1947 § 185, et seq. (56.1 Stmt. ¶ 2). Local 504 and Meridian are parties to a CBA effective March 1, 2012 through February 28, 2015, covering employment terms and

conditions for employees represented by Local 504. (56.1 Stmt. ¶ 3). The CBA provides in pertinent part:

> (G) There shall be established under this Agreement a "Field Board" which shall have scheduled meetings at those times the board determines appropriate for the purpose of considering grievances or other complaints arising from time to time. Grievances, which are not satisfactorily settled under the above paragraphs, must be submitted to the "Field Board" within fifteen (15) days after the Company's answer. . . . Decisions of the "Field Board" shall be final.
>
> (H) If the Union and the Company cannot come to an agreement with the disposition of such grievance or complaint made as provided in the above paragraphs, such grievance must be appealed to arbitration within fifteen (15) days after the decision of the "Field Board", using the services of the [Federal Mediation and Conciliation Service ("FMCS")]. . . . In case there is any dispute between the parties hereto arising out of the interpretation of this Agreement or Contract, then in any such case, at the written request of the party hereto desiring arbitration as herein provided, given to the other party within fifteen (15) days, the matter shall be submitted for decision to an arbitrator selected from a panel provided by the Federal Mediation and Conciliation Service.
>
> (I) After both the Union and the Company have been given an opportunity to be heard and to submit such proof as may be desired, the decision in writing of such arbitrator shall be binding and conclusive upon the employees to whom this Agreement applies, and upon all the parties hereto.

(Pl. Mot. Ex. A at Article XXI ("Art. XXI"), ¶¶ G, H, I; 56.1 Stmt. ¶ 3). In compliance with ¶ G, the parties established a Field Board consisting of one union member and one company member. (56.1 Stmt. ¶ 4).

Representatives of Local 504 and Meridian presented to the Field Board a dispute over the method for calculating employee vacation day accrual under the CBA. (56.1 Stmt. ¶ 5). On August 20, 2012, the Field Board union member drafted a written decision with the following language:

> ISSUE: Vacation anniversary dates
> UNION: Anniversary is what it is now.
> COMPANY: Is lending vacation for the next year and as per past practice
> BOARD DECISION: THE contract is clear.

2

> Art VII B: After the completion of four (4) years of service, employees will receive three (3) weeks (15) days of paid vacation and so on. Therefore when an employee who completes his/hers years of service they should receive their vacation as per Art VII B.
>
> Therefore grievance is awarded and is directing The Company to recalculate all vacation banks.

(Pl. Mo. Ex. B) (original text unaltered); see 56.1 Stmt. ¶ 6).[1] The decision was not presented to the Field Board company member for his signature until August 30, 2012. (56.1 Stmt. ¶ 7). Meridian thereafter submitted within fifteen days a request for arbitration to FMCS. (56.1 Stmt. ¶ 8). On October 1, 2012, Meridian notified Local 504 that it would not withdraw that request. (56.1 Stmt. ¶ 9).

On October 4, 2012, Local 504 commenced this action seeking an order confirming the Field Board's decision, directing Meridian to adjust payment of vacation day accruals, and declaring that FMCS lacks jurisdiction over the dispute because "there was no disagreement between the parties" in the Field Board's decision. (Compl. at 5). Presently before the Court are Local 504's motion for summary judgment, (Docket No. 13), and Meridian's motion to dismiss and compel arbitration, (Docket No. 16). In this case, the parties principally dispute (1) whether the CBA provides that a unanimous Field Board decision may be subject to review by an arbitrator and, if not, (2) whether the Field Board decision should be confirmed. As part of its motion to dismiss, Meridian asks the Court to compel the parties to arbitrate the merits of the underlying grievance or their disputes over the interpretation of the CBA language and Field Board decision. (Def. Mot. at 2-3).

---

[1] Meridian asserts, perhaps not surprisingly, that the language of the Field Board's decision is "nonsensical and cannot be used to help explain what Article VII B actually means." (Def. Opp. at 4).

3

## II. DISCUSSION

### A. Legal Standard

Although Meridian has styled its motion as one under Rule 12(b)(1) and (6), in the context of a motion to compel arbitration, "the court applies a standard similar to that applicable for a motion for summary judgment." Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003). Accordingly, the Court will address the parties' motions together.[2] It is well-settled that summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011). Summary judgment is appropriate here, as the material facts are not in dispute.

### B. Federal Arbitration Act

The Federal Arbitration Act, 9 U.S.C. § 1, et seq. (the "FAA"), "establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." McAllister v. Connecticut Renaissance Inc., 496 Fed. App'x 104, 106 (2d Cir. 2012) (quoting Preston v. Ferrer, 552 U.S. 346, 349 (2008)). The Second Circuit has emphasized that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied." Arciniaga v. Gen. Motors Corp., 460 F.3d 231, 234 (2d Cir. 2006) (internal quotation marks omitted). Courts therefore should "construe arbitration clauses as broadly as possible" and "compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."

---

[2] The Court may consider the CBA and the Field Board decision, attached as exhibits to the complaint, whether in the Rule 12(b) or Rule 56 context. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007) ("Documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered.").

Collins & Aikman Prods. Co. v. Bldg. Sys. Inc., 58 F.3d 16, 19 (2d Cir. 1995) (citation and internal quotation marks omitted).

Under the FAA, "unless parties have unambiguously provided for an arbitrator to decide questions of arbitrability, it is for courts to decide whether the parties agreed to arbitrate the claims at issue." Duraku v. Tishman Speyer Props., Inc., 714 F. Supp. 2d 470, 473 (S.D.N.Y. 2010) (citing Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 406 (2d Cir. 2009)). To determine whether a dispute should go to the courts or to arbitration, a court must consider the following factors: "(1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration." Id. (citing JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 169 (2d Cir. 2004)).

**C.    Application**

The Court has reviewed the parties' submissions, focusing particular attention on the language of the CBA. With regard to the first factor, the CBA provides that "any dispute between the parties hereto arising out of the interpretation of this Agreement or Contract" shall be submitted to arbitration upon timely request of a party. (Art. XXI ¶ H). Where such a broad arbitration clause is at work, "a presumption of arbitrability attaches, and 'in the absence of any express provision excluding a particular grievance from arbitration, only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.'" Pick Quick Food, Inc. v. United Food and Commercial Workers Local 342, No. 13-CV-1391 (JFB) (GRB), 2013 WL 3466451, at *4 (E.D.N.Y. July 10, 2013) (quoting AT&T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 650 (1986)) (internal ellipses omitted). As to the second factor, Local 504

argues that the phrase "[d]ecisions of the 'Field Board' shall be final," (Art. XXI ¶ G), means that such decisions are "unappealable" and therefore beyond the scope of the agreement to arbitrate. (Pl. Mot. 6-9). The Court does not agree. Immediately following that language, the CBA provides that "[i]f the Union and the Company cannot come to an agreement with the disposition of such grievance or complaint made as provided in the above paragraphs, such grievance <u>must be appealed to arbitration</u> within fifteen (15) days after the <u>decision</u> of the 'Field Board.'" (Art. XXI ¶ H). The CBA nowhere indicates that a "unanimous" Field Board decision forecloses an appeal to arbitration. As to the third factor, neither party argues that a federal statute renders the claims nonarbitrable.

Having determined that the dispute over the method for calculating employee vacation day accrual should be submitted to arbitration, the Court turns to the question of whether to stay or dismiss the action. See <u>Carvant Financial LLC v. Autoguard Advantage Corp.</u>, No. 13-CV-00872 (ADS) (AKT), 2013 WL 3991471, at *7 (E.D.N.Y. Aug. 5, 2013) ("The district court can exercise its discretion to stay the proceeding or can conclude that the litigation should be dismissed."). Dismissal with or without prejudice is reviewable by an appellate court under § 16(a)(3) of the FAA, while the granting of a stay constitutes an unappealable interlocutory order under § 16(b). See <u>Salim Oleochemicals v. M/V Shropshire</u>, 278 F.3d 90, 93 (2d Cir. 2002). "Staying the action is, therefore, more likely to allow the matter to proceed to arbitration in an expeditious manner." <u>Pick Quick Food, Inc.</u>, 2013 WL 3466451, at *12.

In this case, Meridian has moved for dismissal of Local 504's claims rather than a stay pending arbitration. The Second Circuit, however, has urged courts faced with this decision to "be mindful of this liberal federal policy favoring arbitration agreements" and consider that "[u]nnecessary delay of the arbitral process through appellate review is disfavored."

Oleochemicals, F.3d at 93 (citation and quotation marks omitted). To promote expeditious resolution of this dispute, the Court finds that the appropriate course is to stay this action pending arbitration. See, e.g., Pontier v. U.H.O. Management Corp., No. 10 Civ. 8828 (RMB), 2011 WL 1346801, at * 4 & n.3 (S.D.N.Y. Apr. 1, 2011) (staying action pending arbitration where court found all issues arbitrable and movant sought dismissal, not stay); Duraku, 714 F. Supp. 2d at 474-75 (staying action pending arbitration where movant sought dismissal, not stay).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion for summary judgment (Docket No. 13) is denied. Defendant's motion (Docket No. 16) is granted only insofar as to compel arbitration of the employee vacation day accrual grievance. To promote the expeditious resolution of the dispute, this action shall be stayed pending arbitration. Counsel for Defendant is directed to file a letter by November 11, 2013, advising the Court as to the status of the arbitration.

**SO ORDERED.**

_____/S/_____
SANDRA L. TOWNES
United States District Judge

Dated: September 30, 2013
       Brooklyn, New York